[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10578
Non-Argument Calendar

_____

D.C. Docket No. 3:06-cr-00066-LC-MD-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FREDERICK JOHNSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 5, 2021)

Before MARTIN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Frederick Johnson appeals the district court's order reducing his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Johnson argues that the district court abused its discretion by not reducing his sentence further when it attributed 4.5 kilograms of cocaine base to him. After careful review, we affirm.

## I

A grand jury charged Frederick Johnson with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A)(ii), (b)(1)(A)(iii), and 846 (Count 1), and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). Johnson pleaded guilty to both counts.

Johnson was a "street level distributor" within a large cocaine distribution network in Santa Rosa County, Florida. The PSI attributed to Johnson a quantity of cocaine base "well in excess of 1.5 kilograms." The PSI specifically noted that Johnson "could also be held accountable" for 5.6 kilograms of drugs purchased by his co-distributors. The PSI highlighted Johnson's admission that he purchased two 14-gram cookies of cocaine base three times per week from January to April 20, 2005 (1,308 grams), four 7-gram cookies of cocaine base per month from January to April 2005 (112 grams), and eight to ten 10-gram cookies of cocaine

2

base per week from May 2005 to May 2006 (> 4,160 grams), together totaling at least 5.6 kilograms of cocaine base.  At the time of sentencing, Johnson didn't object to the drug quantity attributable to him.

The district court sentenced Johnson to 294 months' imprisonment on Count 1 and 120 months' imprisonment on Count 2 and ordered that those terms should run consecutively.  Johnson filed a motion to reduce his sentence; the district court denied the motion and specifically found that Johnson was held accountable for more than 4.5 kilograms of cocaine base.  Johnson didn't appeal that ruling. Johnson subsequently filed two motions to reduce his sentence, both of which the district court granted.

After Congress enacted the First Step Act, Johnson again moved to reduce his sentence.  He didn't object to the finding that 4.5 kilograms of cocaine base were attributable to him.  The district court determined that Johnson was eligible for a reduced sentence and, exercising its discretion, reduced Johnson's sentence on Count I from 189 to 142 months' imprisonment.  The district court specifically noted that "[a]t the time of sentencing, 4.5 kilograms of crack cocaine were held to be attributable to Defendant"—an amount that substantially exceeded the statutory threshold of 280 grams.  Johnson now appeals.[1]

---

[1] We review the denial of an eligible movant's request for a reduced sentence under the First Step Act for abuse of discretion.  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).

## II

Johnson argues on appeal that the district court abused its discretion by basing its reduction on an erroneous finding that 4.5 kilograms of cocaine base were attributable to him.[2]

Under the law-of-the-case doctrine, a "legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (citing *Williamsburg Wax Museum v. Historic Figures*, 810 F.2d 243, 250 (D.C.Cir.1987)). The court may *sua sponte* apply the law-of-the-case doctrine. *United States v. Anderson*, 772 F.3d 662, 669 (11th Cir. 2014). Exceptions to the doctrine include the discovery of new evidence, change in the law, or clear error in the prior decision. *Escobar-Urrego*, 110 F.3d at 1561.

Here, the district court previously found that Johnson was accountable for more than 4.5 kilograms of cocaine base, and Johnson has not appealed that ruling. Johnson thus may not argue that the district court erred by not reducing his sentence based on an erroneous drug quantity unless an exception to the law-of-

---

[2] The government doesn't contest on appeal that Johnson was eligible for relief under the First Step Act.

4

the-case doctrine applies. Johnson has identified neither new evidence nor a change in the law. Nor did the district court commit clear error in finding that Johnson was accountable for more than 4.5 kilograms of cocaine base. The record provides ample support for the district court's finding. The PSI made clear that Johnson's drug quantity was "*well in excess* of 1.5 kilograms of cocaine base," that Johnson "could also be held accountable" for 5.6 kilograms of drugs purchased by his co-distributors, and that Johnson admitted to purchasing at least 5.6 kilograms of cocaine base. The district court didn't abuse its discretion in reducing Johnson's sentence based on that finding. We therefore affirm.

**AFFIRMED.**